IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRIAN J. SPIELMAN                                                              PLAINTIFF

V.                               NO. 14-5347

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brian J. Spielman, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.      Procedural Background:**

This case has a long history. Plaintiff filed his DIB and SSI applications on September 30, 2003, claiming disability beginning September 30, 2001. (Tr. 48-53). On July 20, 2005, the ALJ entered a decision finding Plaintiff not disabled. (Tr. 13-18). On September 26, 2007, the ALJ's decision was reversed and remanded by the district court. (Tr. 271-279). On September 16, 2008, the ALJ issued a second unfavorable decision. (Tr. 242-253). The Appeals Council remanded the case on May 26, 2011 (Tr. 295-296), and in the interim, the agency found Plaintiff disabled, based on an SSI application he filed in April of 2009. (Tr. 224). On April 5, 2013, the ALJ issued a partially unfavorable decision, finding

1

that Plaintiff had the following severe impairments prior to November 10, 2008 – gout, degenerative joint disease of the knees, diabetes mellitus, depression/anxiety, osteoarthritis/degenerative joint disease of the right ankle and mild degenerative disc disease of the thoracolumbar spine. (Tr. 226). The ALJ found that beginning on November 10, 2008, Plaintiff had the following severe impairments: gout; degenerative joint disease of the knees; diabetes mellitus; depression/anxiety; osteoarthritis/degenerative joint disease of the right ankle; mild degenerative disc disease of the thoracolumbar spine; and chronic hepatitis. (Tr. 226). The ALJ found that prior to November 10, 2008, Plaintiff did not have an impairment, or combination of impairments that met or equaled a listing for presumptive disability, and that he had the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant could only occasionally climb ramps and stairs and could never climb ladders, ropes, and scaffolds; the claimant could only occasionally balance, stoop, kneel, crouch, and crawl; the claimant could only occasionally operate foot controls; and the claimant was able to perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables and little judgment required, and the supervision required is simple, direct, and concrete.

(Tr. 227, 229). The ALJ found that prior to November 10, 2008, there were jobs Plaintiff would be able to perform, such as lamp shade assembler, compact assembler, shoe buckler lacer, ordnance check weigher, nut sorter, and type copy examiner. (Tr. 235).

The ALJ found that beginning on November 10, 2008, the severity of Plaintiff's impairments met the criteria of section 5.05, chronic liver disease, for presumptive disability. (Tr. 236). Consequently, the ALJ found that Plaintiff was not under a disability prior to November 10, 2008, but became disabled on that date. (Tr. 237). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's

request for review. (Tr. 210-212). Plaintiff subsequently filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12-14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). The court "'will disturb the ALJ's decision only if it falls outside the available zone of choice.'" Papesh v. Colvin, No. 14-2230, 2015 WL 3396586 at *4 (8th Cir. May 27, 2015)(quoting Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006)). An ALJ's decision is not outside the zone of choice simply because the court might have reached a different conclusion had it been the initial finder of fact. Papesh, 2015 WL 3396586 at *4 (quoting Bradley v. Astrue, 528 F.3d 1113, 1115 (8tyh Cir. 2008).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which

3

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues in this matter:  1)  Whether the ALJ erred in disregarding the opinions and findings of the primary treating physician, Dr. Rebecca Barrett; 2) Whether the ALJ erred in failing to consider all of Plaintiff's impairments in combination; 3) Whether the ALJ erred in his credibility analysis; and 4) Whether the ALJ erred in finding Plaintiff retained the RFC to perform a limited range of sedentary work. (Doc. 12).

### A.  Consideration of Impairments in Combination:

Plaintiff argues that the ALJ did not consider his other impairments, such as bursitis in his elbow, difficulty using his arms, difficulty walking for extended periods of time,

4

difficulty concentrating, poor sleep habits and panic attacks, septic bursitis in the left elbow, unspecified podagra, hypocholesteremia, hypertension, sacroiliitis, disc space narrowing, advanced cirrhosis of the liver, dysthymic disorder, and panic disorder.  In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 225).  He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  (Tr. 225).  The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings.  (Tr. 225). The ALJ concluded that prior to November 10, 2008, Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr.227). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

The Court finds there is substantial evidence to support the fact that the ALJ considered Plaintiff's impairments in combination.

**B.  Credibility Analysis:**

Plaintiff argues that the ALJ's conclusion that Plaintiff's statements concerning the intensity, persistence and limiting effects were not entirely credible was unreasonable, and that he offered no explanation for why he found Plaintiff's testimony not to be credible prior to November 10, 2008.  The ALJ was required to consider all the evidence relating to

5

Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Contrary to Plaintiff's urging, the ALJ did give explanations for his credibility findings. He noted the fact that Plaintiff was able to help care for his son, attend to his own personal hygiene unassisted, care for family pets, prepare simple meals, do his laundry, drive, shop in stores for groceries and household items, manage his finances, and work on a part-time basis. (Tr. 232). He also addressed the fact that Plaintiff reported that he worked hanging drywall and painting in 2004, and that in 2007, Plaintiff stepped in a hole while unloading a trailer. (Tr. 232). The ALJ found that the record reflected Plaintiff had admitted to engaging in activities that were not limited to the extent one would expect, given his complaints of disabling symptoms and limitations. The ALJ also discussed the inconsistent information Plaintiff provided relating to the issue of disability, noting that he reported to Dr. Chambers that although he no longer drank alcohol, he "drank daily for 22 years consecutively. (Tr. 234). However, he reported to one doctor that he had "never used alcohol heavily." (Tr. 234).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### C.  RFC Determination and Weight Given to Opinions:

Plaintiff argues that prior to November 10, 2008, he was not able to function on a regular and sustained basis, and that the ALJ erred in concluding otherwise. Plaintiff also argues that the ALJ erred by disregarding the opinions and findings of Dr. Barrett.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

7

With respect to weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id

In his decision, the ALJ observed the fact that although Plaintiff alleges he became disabled on September of 2001, and sought treatment in August and September of 2001, he did not seek treatment again until July of 2005. (Tr. 230). The ALJ also noted that although Plaintiff indicated he suffered from gout for 20 or more years, he was previously able to maintain employment at the substantially gainful level. (Tr. 231). The ALJ addressed the general physical examination finding of Dr. Michael Westbook, dated May 3, 2005, as well as the 2006 findings of Dr. Neil D. Mullins. (Tr. 231). He noted that both doctors expressed the opinion that Plaintiff had no limitations in his physical abilities. (Tr. 231).

The ALJ also addressed the opinions of the mental health experts in determining Plaintiff had the ability to perform unskilled work. (Tr. 233-234). He noted that Plaintiff failed to pursue formal mental health treatment at Ozark Guidance Center, Inc., and that the

records reflected he was discharged shortly after the diagnostic interview for failure to pursue treatment. (Tr. 233).

With respect to the Medical Source Statement provided by Dr. Barrett, the Plaintiff correctly notes that one of the pages referencing Plaintiff's abilities is missing from the record. However, the ALJ addressed the fact that Dr. Barrett assessed limitations with regard to the total amount of time that Plaintiff could sit, stand, and walk in combination during an eight hour workday, which could be a basis for a finding of disability during the period at issue. (Tr. 234). The ALJ concluded that Dr. Barrett did not list any objective findings that supported her conclusions in that regard. The ALJ did not totally disregard her opinion, but gave it some weight, to the extent it was consistent with his findings regarding Plaintiff's RFC prior to November 10, 2008. The Court also notes that Dr. Barrett's Medical Source Statement is dated December 17, 2012, although Plaintiff last visited Dr. Barrett in March and April of 2009. (Tr. 581, 583). At the March visit, Dr. Barrett assessed Plaintiff with liver disease with hepatitis C, history of diabetes, which she opined was diet controlled, and history of gout, "although it does not sound like there are very many flare-ups." (Tr. 583).

Based upon the foregoing, as well as for those reasons given in Defendant's well stated brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

### IV.   Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 20th day of January, 2016.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE